UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Case No. 24 – CV – 04232
------------------------------------------------------------------------------ x

**Motion to Remand**

Anonymous,

                        Plaintiff,

        -against-

Kimberly Wittmer, Dr. Linda Chen, Norah Ann Lovett,
Lucius Young New York City Department of Education (NYC DOE),

                        Defendants.

------------------------------------------------------------------------------ X

TO: The Honorable Justice

PLAINTIFF'S MOTION TO REMAND

Plaintiff Anonymous, Pro Se, hereby moves this Court to remand this action back to the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1447(c), on the grounds that (1) this Court should decline to exercise jurisdiction as the state court has concurrent jurisdiction over the federal claims, (2) the state law claims predominate over the federal claims, (3) the removal was procedurally defective due to the lack of unanimous consent among defendants, as required by 28 U.S.C. § 1446(b)(2)(A), and (4) the "forum defendant rule" under 28 U.S.C. § 1441(b)(2) bars removal. In support of this motion, Plaintiff states as follows:

1. Plaintiff originally filed this action in the Supreme Court of the State of New York, County of New York, asserting claims under both federal law (Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act) and state law (the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-101 et seq.).

2. Defendants removed this action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, citing the federal claims.

3. However, the New York Supreme Court has the authority to exercise jurisdiction over the federal claims pursuant to the New York State Constitution, Article VI, Section 7(a), which grants the Supreme Court "general original jurisdiction in law and equity." Additionally, CPLR § 301 provides that "a court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."

4. Furthermore, CPLR § 302(a) allows New York courts to exercise personal jurisdiction over non-domiciliaries who transact business within the state or commit a tortious act within the state, among other grounds. This provides an additional basis for the New York Supreme Court to retain jurisdiction over the Defendants.

5. The NYSHRL and NYCHRL claims predominate over the federal claims in this action, as they offer broader protections against employment discrimination and provide additional remedies compared to the federal statutes (see N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-107).

6. Retaining jurisdiction over all claims in this action would serve the interests of judicial economy, convenience, and, above all, fairness, as it would prevent the Defendants from again circumventing the law, requiring them to address the merits of the case and would allow for the efficient resolution of all claims in a single forum, consistent with the principles outlined in CPLR § 601.

7. The New York Supreme Court is well-equipped to interpret and apply both state and federal law, as New York courts routinely adjudicate federal claims in the exercise of their concurrent jurisdiction (see, e.g., Haywood v. Drown, 556 U.S. 729, 735 (2009)).

8. The other defendants in this action, Kimberly Wittmer, Dr. Linda Chen, Norah Ann Lovett, and Lucius Young have not consented to removal and are not yet represented by legal counsel. Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. This requirement,

known as the "rule of unanimity," is a strict prerequisite for proper removal. The lack of consent from any defendant renders the removal procedurally defective and necessitates remand to the state court. See Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12-cv-5557, 2013 WL 1234958, at *2 (S.D.N.Y. Mar. 26, 2013).

9. Additionally, under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2), a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. In this case, Kimberly Wittmer, Norah Ann Lovett, Lucius Young are each citizens of New York, the state in which this action was originally brought. Therefore, removal is barred by the "forum defendant rule."

10. As the removing party, Defendants bear the burden of demonstrating compliance with the procedural requirements for removal, including the rule of unanimity and the "forum defendant rule." See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1. Granting Plaintiff's Motion to Remand;
2. Remanding this action to the Supreme Court of the State of New York, County of New York; and
3. Granting such other and further relief as the Court deems just and proper.

Dated: June 4, 2024 New York, New York

Respectfully submitted,

Anonymous, Pro Se Plaintiff

B

At an IAS part, Room 623 of
The Supreme Court of the of
New York, County of New York
Held at the Courthouse located
At 111 Centre Street, New York
New York on this 14th of
May, 2024

Present: Hon __HON. SUZANNE ADAMS__

Supreme Court of the State of New York
County of New York

_____

Anonymous (A Pseudonym)

               Plaintiff,

v.

Kimberly Wittmer, Dr. Linda Chen, Norah Ann Lovett,
Lucius Young, NYC Department of Education

               Defendants.

) Index no. 152147/2024
)
) ORDER TO SHOW CAUSE
) FOR LEAVE TO USE A
) PSEUDONYM
)
) MS#1 Seal

## ORDER FOR LEAVE TO PROCEED UNDER PSEUDONYM

Upon reading the Summons ~~with Notice~~ and Complaint in this action, dated January 16, 2024, the Affidavit of Plaintiff, Anonymous dated January 16, 2024; ~~memorandum of law~~ in support of their motion to assign an index number to this matter with the above caption and to limit access to the papers and proceedings to the parties and their respective counsel,

Let DEFENDANTS, OR COUNSEL, SHOW CAUSE [in person at ~~an~~ IAS Part 39, Room 623, of this court, to be held at the Courthouse located at ~~60~~ 111 Centre Street, New York, NY on the 24th day of June, 2024.

   a) That the pleadings, papers, affidavits, exhibits, and evidence filed with this Court in the above-titled matter, the judgements, orders and decisions of this Court in the above-captioned matter be SEALED; and

1 of 3

b) That any of the aforesaid pleadings, papers, affidavits, exhibits, evidence, judgements, orders, decisions, and transcripts of hearings filed with the Court in this action be kept in the custody of the Clerk of this County or the County Clerk at the County Courthouse for the Country of New York; and

c) That the Clerk of this Court and the Country Clerk not permit any person other than a party or his counsel to appear herein to copy, examine, or peruse the aforesaid pleadings, papers; and

d) That the County Clerk enter the caption of the above-entitled proceedings in the current minute books and indices of actions and proceedings maintained in his office under the title of "Anonymous vs. *Kimberly Wittmer, Dr. Linda Chen, Noreah Ann Lovett, Lucius Young, NYC Department of Education*" and it is

ORDERED that pending the hearing of this motion BEFORE THE JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be an is hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI"), bearing the following cation, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

Anonymous

                        Plaintiff

              -against-

*Kimberly Wittmer, Dr. Linda Chen, Noreah Ann Lovett, Lucius Young, NYC Department of Education*

                        Defendants
_____

And it is further

HON. LESLIE A. STROTH
1/18/24

**ORDERED** that, pending the hearing of this motion BEFORE THE JUSTICE TO BE ASSIGNED, the Clerk of the Court is directed to restrict access to the entire file under the above caption and index number except as to the parties, their respective counsel and authorized court personnel; and it is further

HON. LESLIE A. STROTH
1/18/24

**ORDERED** that personal service of a copy of this Order to Show Cause together with the papers upon which it is based and the Summons and Complaint be served upon _defendants as required by the CPLR_

On or before ___14th___ day of ___June___, 2024.

ENTER:

_____
HON. SUZANNE ADAMS
Justice of the Supreme Court
J.S.C.