PROSE PLAINTIFF (ANONYMOUS)

**PROSE EFILING**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007


Re: **Anonymous v. Kimberly Wittmer, et al., Case No. 24-cv-04232**

TO: The Honorable Justice Jennifer L. Rochon

**Plaintiff's 60-day Extension Request**

I am the Pro Se Plaintiff in the correctly captioned case.  Plaintiff is in receipt of the Court's June 11, 2024, order permitting a 30-day extension for Defendants to respond to Plaintiff request to remand the present case to state court. Please note that Plaintiff also e-filed a motion to deny Defendant's request for an extension on June 11, 2024.  Plaintiff now respectfully seeks an extension of 60 days (until August 23, 2024) to file a response to the Court's pseudonym justification order which will facilitate the Court's ability to properly decide the anonymity issue after it resolves the threshold question of whether this case belongs in federal court.

 Otherwise, Plaintiff's response to the anonymity question before the Court determines whether the case should be in federal court, may violate several legal principles and procedural rules:

**Subject Matter Jurisdiction**
Federal courts are courts of limited jurisdiction and can only hear cases that fall within their statutory grant of authority. Under 28 U.S.C. § 1447(c), "**If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**." By deciding the anonymity issue before resolving the jurisdictional question, the court would be acting without first ensuring that it has the authority to do so, potentially violating this statutory requirement.

**Procedural Due Process**
The Fifth Amendment's Due Process Clause requires that litigants be given fair notice and an opportunity to be heard before their rights are adjudicated. <u>By forcing Plaintiff to litigate the anonymity issue in federal court before determining whether the case belongs there, the Court may be depriving Plaintiff of due process by subjecting her to proceedings in a forum that may lack jurisdiction over her case</u>. As the Supreme Court has held, "The fundamental requisite of due process of law is the opportunity to be heard... at a meaningful time and in a meaningful manner." Goldberg v. Kelly, 397 U.S. 254, 267 (1970) (quotation marks and citation omitted).

**Federal Rules of Civil Procedure**
Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a case for lack of subject matter jurisdiction. **This motion must be decided before the court can address the merits of the case, as the court must first ensure that it has the authority to**

**hear the dispute.** <u>By requiring Plaintiff to address the anonymity issue before resolving the jurisdictional question, the Court would be violating the sequence of motions prescribed by the Federal Rules</u>.

**Inherent Power of the Court**
Federal courts have inherent power to manage their own proceedings and to control the conduct of those who appear before them. This includes the power to dismiss cases for lack of jurisdiction and to remand cases to state court when appropriate. By deciding the anonymity issue before addressing jurisdiction, the court would be failing to properly exercise its inherent power to ensure that it is acting within the scope of its authority and to manage its proceedings in a fair and efficient manner.

28 U.S.C. § 1446(b)(2)(A) and the Forum Defendant Rule: Title 28 U.S.C. § 1446(b)(2)(A) requires that all defendants properly joined and served must join in or consent to the removal of an action to federal court. Additionally, under the "forum defendant rule" of 28 U.S.C. § 1441(b)(2), a case may not be removed to federal court on the basis of diversity jurisdiction if any of the "properly joined and served" defendants is a citizen of the state in which the action was brought. <u>If the Court decides the anonymity issue before determining whether all defendants properly consented to removal or whether any of the defendants are citizens of New York, it would be potentially violating these statutory provisions and improperly exercising jurisdiction over the case.</u>

Furthermore, Plaintiff requests a 60-day extension to provide a response to the pseudonym request after the threshold question of whether the case belongs in federal court for several reasons rooted in the principles of jurisdiction, judicial economy, and fairness.

**Jurisdiction**
The issue of whether the federal court has jurisdiction over this case is a fundamental and preliminary question that must be addressed before considering the merits of any other issues, including anonymity. As the Supreme Court has noted, "**Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.**" Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). <u>If the federal court lacks jurisdiction due to defects in the removal process, it cannot make any substantive rulings on matters such as anonymity, as it would be acting without proper authority.</u>

**Judicial Economy**
Deciding the anonymity question before resolving the jurisdictional issue would be inefficient and potentially wasteful of judicial resources. If the court determines that it lacks jurisdiction and remands the case to state court, any ruling on anonymity would be rendered moot and would have no legal effect. As the Second Circuit has observed, "**A federal court should not adjudicate a matter over which it lacks jurisdiction, because any decision would be ultra vires and void**." City of Yonkers v. Yonkers Racing Corp., 858 F.2d 855, 865 (2d Cir. 1988). It would be more efficient and economical for the court to first determine whether it has the authority to hear the case before expending resources on deciding substantive issues like anonymity.

PROSE PLAINTIFF (ANONYMOUS)

**Fairness**
Requiring Plaintiff to litigate the anonymity issue before the jurisdictional question is resolved would be unfair and prejudicial. If the case is ultimately remanded to state court, Plaintiff would have been forced to unnecessarily argue the anonymity issue in federal court, expending time and resources that could have been devoted to the underlying merits of the case. <u>Moreover, if the state court has already ruled on the anonymity question, it would be unfair to subject Plaintiff to potentially inconsistent rulings on the same issue</u>. As the Supreme Court has recognized, **"Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly**." Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994). Plaintiff should not be required to litigate the anonymity issue in federal court until it is clear that the federal court has the authority to hear the case.

**Comity**
The principles of comity and federalism suggest that the federal court should defer to the state court's ruling on anonymity until the jurisdictional issue is resolved. As the Second Circuit has noted, "**Comity requires that federal courts, anxious though they may be to vindicate and protect federal rights and federal interests, always endeavor to do so in ways that will not unduly interfere with the legitimate activities of the States.**" Levin v. Commerce Energy, Inc., 560 U.S. 413, 431 (2010) (quoting Younger v. Harris, 401 U.S. 37, 44 (1971)). By deciding the anonymity issue before determining whether it has jurisdiction, the federal court would be disregarding the state court's prior ruling and potentially interfering with its legitimate authority to manage its own cases.

For these reasons Plaintiff is courteously requesting a 60-day extension by the Court so that it may properly decide the anonymity issue after it resolves the threshold question of whether this case belongs in federal court because doing so before determining whether the case belongs in federal court may be both a violation of applicable legal principles and procedural rules potentially leading to unfair and inefficient proceedings but it would also be inconsistent with the principles of jurisdiction, judicial economy, fairness, and comity.

Consequently, Plaintiff also respectfully asks, in addition to granting the 60-day extension, that the Court first determine whether it has the authority to hear the case before addressing any substantive issues, including anonymity in order to ensure that the parties' rights are protected, judicial resources are used efficiently, and the proper balance between federal and state authority is maintained.

The request for a 60-day extension is DENIED.  Even if the Court ultimately concludes that it lacks subject-matter jurisdiction over this removed case, the Court currently "has jurisdiction to determine its own jurisdiction."  *Brownback v. King*, 592 U.S. 209, 218 (2021) (citation omitted).  In making that determination, the Court has authority to enforce procedural rules, especially where, as here, those rules are relevant to that jurisdictional determination.  *See, e.g.*, *Doe v. Nat'l Conf. of Bar Exam'rs*, No. 16-cv-00264 (PKC), 2017 WL 74715, at *2-13 (E.D.N.Y. Jan. 6, 2017) (addressing plaintiff's request to proceed anonymously before addressing defendant's motion to dismiss for lack of personal jurisdiction).  Defendants are directed to email a copy of this order to Plaintiff and file an affidavit of service upon doing so.

Dated: June 17, 2024　　　　　SO ORDERED.
　　　　　New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**