UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT                          Case No. 24 – CV – 04232

-------------------------------------------------------------------------- x

Anonymous,

                                                        Plaintiff,     *Interlocutory Appeal*

                                                                       to the 2nd Circuit
                                                                       Appealing order
            -against-                                                  dated 6/17/2024

Kimberly Wittmer, Dr. Linda Chen, Norah Ann Lovett,
Lucius Young New York City Department of Education (NYC DOE),

                                                        Defendants.

-------------------------------------------------------------------------- X

TO: The Honorable Appeals Court Justice

## BRIEF FOR PLAINTIFF-APPELLANT

## JURISDICTIONAL STATEMENT

The Supreme Court of the State of New York, County of New York, had original jurisdiction over this case, as Plaintiff's complaint raised both federal questions under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as well as state law claims under the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL). The New York State Supreme Court has concurrent jurisdiction over federal claims pursuant to the New York State Constitution, Article VI, Section 7(a), which grants the Supreme Court "general original jurisdiction in law and equity."

The United States District Court for the Southern District of New York would have had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as Plaintiff's complaint raised federal questions. However, the removal of the case to federal court was procedurally improper due to the lack of unanimous consent from all defendants at the time of removal.

The district court's denial of Plaintiff's request for an extension and assumption of jurisdiction, despite the unresolved improper removal issue, is an appealable collateral order. This Court has jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291 and the collateral order doctrine, as established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).

## STATEMENT OF THE ISSUES

1. Whether the district court erred in denying Plaintiff's request for an extension and assuming jurisdiction over the case, despite the unresolved improper removal issue.

2. Whether the district court's order denying the extension request and assuming jurisdiction is an appealable collateral order.

3. Whether the defendants' violation of changing the sequence of the caption when removing the case from state court to federal court warrants review under the interlocutory appeal.

4. Whether the district court failed to adhere to the legal guidelines and principles intended to protect pro se plaintiffs by prioritizing the pseudonym issue over the threshold question of remand and denying the plaintiff's extension request.

## STATEMENT OF THE CASE

Plaintiff filed this action in the Supreme Court of the State of New York, County of New York, asserting claims under federal and state law. Defendants removed the case to the United States District Court for the Southern District of New York on June 3, 2024. However, Defendant Lucius Young was not served until June 4, 2024, one day after the Notice of Removal was filed. Furthermore, the defendants changed the sequence of the caption when filing the notice of removal. Plaintiff requested an extension to provide time for the court to receive and decide upon the Defendants' response to Plaintiff's request to remand the case to state court due to improper

removal. The district court denied Plaintiff's request for an extension and assumed jurisdiction over the case, despite the unresolved improper removal issue.

## SUMMARY OF THE ARGUMENT

The district court erred in denying Plaintiff's request for an extension and assuming jurisdiction over the case, despite the unresolved improper removal issue. The removal was procedurally defective because Defendant Lucius Young had not been served at the time the Notice of Removal was filed, precluding his consent to removal as required under 28 U.S.C. § 1446(b)(2)(A) , and (2) the defendants violated 28 U.S.C. § 1446(a), Federal Rule of Civil Procedure 10(a), and 28 U.S.C. § 1447(c) by changing the sequence of the caption when removing the case from state court to federal court. The district court's order denying the extension request and assuming jurisdiction is an appealable collateral order because it conclusively determines the disputed question of jurisdiction, resolves an important issue separate from the merits of the case, and **is effectively unreviewable on appeal** from a final judgment.

## ARGUMENT

## I. The District Court Erred in Denying Plaintiff's Request for an Extension and Assuming Jurisdiction Over the Case, Despite the Unresolved Improper Removal Issue.

Under 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants must consent to removal. The unanimous consent requirement is "strictly interpreted and enforced," and a failure to obtain the consent of all defendants prior to removal is a "defect in the removal procedure" that requires remand to state court. Hayda v. Home Depot U.S.A., Inc., 2009 WL 3490986, at *2 (S.D.N.Y. Oct. 29, 2009); see also Pietrangelo v. Alvas Corp., 686 F.3d 62, 66

(2d Cir. 2012) ("Failure of all defendants to consent to removal constitutes a 'defect in removal procedure' within the meaning of § 1447(c).").

The rule of unanimity is a long-standing principle in removal jurisdiction, as the Supreme Court has held that "all the defendants must join in the application" for removal. Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). This requirement ensures fairness and prevents defendants from strategically removing cases to federal court without the consent of all parties. In re Pharm. Indus. Average Wholesale Price Litig., 509 F. Supp. 2d 82, 89 (D. Mass. 2007).

In this case, Defendant Lucius Young was not served until June 4, 2024, one day after the Notice of Removal was filed. As such, Lucius Young could not have properly consented to removal before it was filed, rendering the removal procedurally defective. The district court erred in denying Plaintiff's request for an extension and assuming jurisdiction over the case, despite this unresolved improper removal issue. The court's decision contravenes the clear statutory requirements and the well-established rule of unanimity in removal proceedings.

Furthermore, under the forum defendant rule of 28 U.S.C. § 1441(b)(2), a case may not be removed to federal court on the basis of diversity jurisdiction if any of the "properly joined and served" defendants is a citizen of the state in which the action was brought. Here, Defendants Kimberly Wittmer, Norah Ann Lovett, and Lucius Young are all citizens of New York State, making removal improper. As the Second Circuit has held, "a state court action is not removable to federal court if the state court's jurisdiction is based on the presence of a defendant who is a citizen of the forum state." Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (2d Cir. 2014).

The district court erred in denying Plaintiff's request for a 60-day extension and assuming jurisdiction over the case by focusing on the substantive issue of anonymity, despite these unresolved threshold issues of improper removal and the presence of forum defendants.

By deciding the anonymity issue before resolving the jurisdictional questions, the court acted without first ensuring it had the authority to do so, potentially violating several legal principles and procedural rules:

1. Subject Matter Jurisdiction: Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2. Procedural Due Process: The Fifth Amendment's Due Process Clause requires that litigants be given fair notice and an opportunity to be heard before their rights are adjudicated. Goldberg v. Kelly, 397 U.S. 254, 267 (1970).

3. Federal Rules of Civil Procedure: Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction must be decided before the court can address the merits of the case.

4. Inherent Power of the Court: Federal courts have inherent power to manage their own proceedings, including the power to dismiss cases for lack of jurisdiction and to remand cases to state court when appropriate.

Furthermore, deciding the anonymity question before resolving the jurisdictional issues would be inefficient, potentially wasteful of judicial resources, and unfair to Plaintiff. If the court determines that it lacks jurisdiction and remands the case to state court, any ruling on anonymity would be rendered moot and would have no legal effect. City of Yonkers v. Yonkers Racing Corp., 858 F.2d 855, 865 (2d Cir. 1988).

## II. The District Court's Order Denying the Extension Request and Assuming Jurisdiction is an Appealable Collateral Order.

The district court's order denying Plaintiff's request for an extension to make a decision on the threshold issue of whether the case was improperly removed to Federal court and assuming jurisdiction of the case in the order denying the extension requested, despite the unresolved improper removal issue, is an appealable collateral order under the collateral order doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). An order is appealable under this doctrine if it (1) conclusively determines a disputed question, (2) resolves an important issue separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

1. The district court's order conclusively determines the disputed question of the federal court's jurisdiction. The court's denial of the extension request and assumption of jurisdiction, despite the unresolved improper removal issue, leaves no room for further consideration of the jurisdictional question by the district court. In re Blackwater Security Consulting, LLC, 460 F.3d 576, 585 (4th Cir. 2006) (holding that an order denying a motion to remand based on improper removal conclusively determines a disputed question).

2. The issue of proper removal and federal jurisdiction is separate from the merits of the underlying case. The question of whether the removal was procedurally proper and whether the federal court has jurisdiction is distinct from the substantive claims raised in the complaint. This separability requirement is satisfied here, as the jurisdictional issue can be resolved without delving into the merits of the case. Lu Junhong v. Boeing Co.,

792 F.3d 805, 810 (7th Cir. 2015) (finding that the issue of federal jurisdiction based on removal is separate from the merits of the action).

3.  If the federal court proceeds with the case despite lacking jurisdiction due to improper removal, the harm caused by the court's lack of jurisdiction would be effectively unreviewable on appeal from a final judgment. If Plaintiff is forced to litigate the case in a court that lacks proper jurisdiction, the injury to Plaintiff's rights cannot be adequately remedied by a later appeal. The right to have the case heard in the appropriate forum would be irretrievably lost. Schmucker v. Woodford, 289 F.3d 1102, 1104 (9th Cir. 2002) (recognizing that an order denying a motion to remand based on improper removal is effectively unreviewable on appeal from a final judgment).

The Second Circuit has also held that orders denying motions to remand on the basis of improper removal are reviewable under the collateral order doctrine. Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310-11 (2d Cir. 2005). The court reasoned that such orders satisfy the requirements of the collateral order doctrine and that interlocutory review is necessary to prevent the harm of litigating in an improper forum. Id.

The district court's order denying Plaintiff's extension request and assuming jurisdiction, despite the unresolved improper removal issue, meets all three requirements of the collateral order doctrine. The order conclusively determines the disputed question of federal jurisdiction, resolves an important issue separate from the merits of the case, and would be effectively unreviewable on appeal from a final judgment. Therefore, the district court's order is an appealable collateral order, and this Court has jurisdiction to review the order through this interlocutory appeal.

**III. The Defendants' Violation of Changing the Sequence of the Caption When Removing the Case from State Court to Federal Court Warrants Review Under the Interlocutory Appeal.**

In addition to the lack of unanimous consent and the presence of forum defendants, the defendants' violation of changing the sequence of the caption when removing the case from state court to federal court further supports the need for interlocutory review. By altering the caption, the defendants violated several laws and rules, including:

1. 28 U.S.C. § 1446(a), which requires the defendant to file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." By changing the sequence of the caption, the defendants failed to file an accurate copy of the pleadings served upon them in the state court action. This violation undermines the purpose of 28 U.S.C. § 1446(a), which is to provide the federal court with an exact copy of the state court proceedings. As a result, the federal court is left with an inaccurate and incomplete record of the case, which can lead to confusion and potential prejudice to the plaintiff. As the court noted in Bates v. Centric Group, LLC, No. 3:14-cv-01502, 2014 WL 5823060, at *2 (M.D. Tenn. Nov. 10, 2014), "The failure to comply with the requirements of 28 U.S.C. § 1446(a) is not a mere technical defect, but a fatal one that requires remand."

2. Federal Rule of Civil Procedure 10(a), which states that "[t]he title of the complaint must name all the parties." The defendants did not adhere to this rule by altering the sequence of the parties in the caption. This violation undermines the purpose of Rule 10(a), which is to provide sufficient notice to the court and the parties of who the parties are and what the case is about. The importance of adhering to Rule 10(a) was emphasized in the case

of Armstrong v. Beals, 230 F. Supp. 3d 1, 4 (D.D.C. 2017), where the court stated, "The purpose of Rule 10(a) is to provide sufficient notice to the court and the parties of who the parties are and what the case is about." By changing the caption sequence, the defendants undermined this purpose and created confusion as to the proper parties and the nature of the case. The defendants' violation of changing the caption sequence demonstrates their failure to comply with the strict requirements of the removal statute and their inability to meet the burden of proving proper federal jurisdiction. As the Eleventh Circuit stated in City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012), "The removing party bears the burden of proving proper federal jurisdiction. The removal statute should be construed narrowly, with doubts resolved against removal." This violation, along with the lack of unanimous consent and the presence of forum defendants, renders the removal procedurally defective and warrants immediate review through the interlocutory appeal process. The district court's failure to address these procedural defects and its improper assumption of jurisdiction necessitate the intervention of the appellate court to ensure compliance with the removal statute and to protect the plaintiff's right to a fair and lawful proceeding.28 U.S.C. § 1447(c), which allows for remand based on any defect in the removal procedure. Changing the sequence of the caption constitutes a defect in the removal process, warranting remand to state court. As the court noted in Brewer v. Dodson Aviation, Inc., 447 F. Supp. 2d 1166, 1170 (W.D. Wash. 2006), "The removal statute requires that the defendant file with the federal court 'a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.' 28 U.S.C. § 1446(a). This requirement ensures that the case in federal court is the same case that was filed in state court, with the same parties and the same claims." The defendants' violation of changing the caption sequence demonstrates their failure to comply with the strict requirements of the removal statute and their

inability to meet the burden of proving proper federal jurisdiction. As the Eleventh Circuit stated in City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012), "The removing party bears the burden of proving proper federal jurisdiction. The removal statute should be construed narrowly, with doubts resolved against removal."

This violation, along with the lack of unanimous consent and the presence of forum defendants, renders the removal procedurally defective and warrants immediate review through the interlocutory appeal process. The district court's failure to address these procedural defects and its improper assumption of jurisdiction necessitate the intervention of the appellate court to ensure compliance with the removal statute and to protect the plaintiff's right to a fair and lawful proceeding.

## IV.   The District Court Failed to Adhere to the Legal Guidelines and Principles Intended to Protect Pro Se Plaintiffs.

The federal judge's conduct in failing to make a decision on the threshold issue of whether the case warrants remand to the state court before ordering the pro se plaintiff to litigate the pseudonym issue and denying the plaintiff's 60-day extension request violates several legal guidelines and principles intended to protect pro se plaintiffs. These include:

1. Obligation to Determine Jurisdiction: Federal courts have an obligation to determine whether they have jurisdiction over a case before proceeding to the merits. As the Supreme Court stated in Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without

exception.'" By failing to address the remand issue first, the judge may be violating this fundamental principle.

2. Liberal Construction of Pro Se Pleadings: Federal courts must construe pro se pleadings liberally. This includes considering the substance of the plaintiff's arguments rather than focusing on technical deficiencies. As the Second Circuit noted in Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), "submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" By prioritizing the pseudonym issue over the jurisdictional question raised by the plaintiff, the judge may be failing to adhere to this guideline.

3. Opportunity to Be Heard: Pro se plaintiffs should be given a meaningful opportunity to be heard on the issues they raise. By denying the plaintiff's extension request and ordering them to litigate the pseudonym issue before addressing the jurisdictional question, the judge may be depriving the plaintiff of this opportunity. As the Supreme Court stated in Mathews v. Eldridge, 424 U.S. 319, 333 (1976), "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"

4. Consideration of Jurisdictional Arguments: Federal courts should consider all jurisdictional arguments raised by pro se plaintiffs, even if they are not presented in a technically perfect manner. By prioritizing the pseudonym issue over the plaintiff's remand arguments, the judge may be failing to give proper consideration to the jurisdictional question. As the Second Circuit stated in Satchell v. Dilworth, 745 F.2d 781. 785 (2d Cir. 1984), "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim."

5.  Avoidance of Unnecessary Burdens: Federal courts should strive to avoid imposing unnecessary burdens on pro se plaintiffs. By requiring the plaintiff to litigate the pseudonym issue before resolving the jurisdictional question, the judge may be placing an undue burden on the plaintiff, particularly if the case is ultimately remanded to state court. As the Supreme Court noted in Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

The federal judge's conduct in prioritizing the pseudonym issue over the threshold question of remand and denying the pro se plaintiff's extension request violates several legal guidelines and principles designed to protect pro se litigants. These violations, along with the procedural defects in the removal process, further support the need for immediate review through the interlocutory appeal to ensure the pro se plaintiff's access to justice and right to a fair proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court reverse the district court's order denying the extension request and assuming jurisdiction, remand the case to state court, and grant any other relief the Court deems just and proper.

Respectfully submitted,

Anonymous, Pro Se Plaintiff

June 18, 2024

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

ANONYMOUS (A PSEUDONYM)

Plaintiff(s)

-against-

KIMBERLY WITTMER ETAL

Defendant(s)

Attorney: 111 - 97

Index #: 152147/2024

Date Filed:

**AFFIRMATION OF SERVICE**



BRIAN KLEINBERG AFFIRMS AND SAYS AFFIRMANT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 31, 2024 at 07:35 PM at

99 BELLMORE AVENUE
POINT LOOKOUT, NY 11559-3009

affirmant served the within true copy of the SUMMONS & COMPLAINT, ORDER TO SHOW CAUSE WITH SUPPORTING PAPERS & EXHIBITS on NORAH ANN LOVETT, the defendant/respondent therein named.

INDIVIDUAL    by delivering a true copy of each to said  defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent therein and she identified herself as such.

Affirmant further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BROWN | 60 | 5'5 | 230 |

That at the time of such service affirmant knew the person so served as aforesaid to be the same person mentioned and described as the defendant/respondent in this action.

Pursuant to New York Civil Practice Law Rules 2106 - I affirm on 3 day of  June, 2024 , under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Gotham Process Inc.
Lic. 1251720-DCA
299 Broadway
New York NY 10007

BRIAN KLEINBERG

Docket #:          1295970

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

Attorney: 111 - 97

COUNTY OF NEW YORK

Index #: 152147/2024

ANONYMOUS (A PSEUDONYM)

Plaintiff(s)

Date Filed:

-against-

KIMBERLY WITTMER ETAL

**AFFIRMATION OF SERVICE**

Defendant(s)

BYRAN E MCELDERRY AFFIRMS AND SAYS AFFIRMANT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 1, 2024 at 06:56 PM at

309 EAST 87TH STREET, APT. 2E
NEW YORK, NY 10128

Affirmant served the within true copy/copies of the SUMMONS & COMPLAINT, ORDER TO SHOW CAUSE WITH SUPPORTING PAPERS & EXHIBITS on KIMBERLY WITTMER, the defendant/respondent therein named,

**SUITABLE AGE**

by delivering thereat a true copy/copies of each to MR. RAFAEL B. a person of suitable age and discretion. Said premises is the  defendant's/respondent's dwelling house within the state. He identified himself as the DOORMAN of the  defendant/respondent.

Affirmant further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | BROWN | BLACK | 45 | 5'7 | 150 |

**MAILING**

Affirmant enclosed a true copy of same in a postpaid wrapper properly addressed to the  defendant/respondent at the defendant's/respondent's last known residence at

309 EAST 87TH STREET, APT. 2E
NEW YORK, NY 10128

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on June 3, 2024 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the person to be served.

DOORMAN / CONCIERGE / SECURITY REFUSED TO ALLOW AFFIRMANT ACCESS INTO SAID BUILDING.

Pursuant to New York Civil Practice Law Rules 2106 - I affirm on 3 day of  June, 2024 , under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Gotham Process Inc.
Llc. 1251720-DCA
299 Broadway
New York NY 10007

BYRAN E MCELDERRY
License #: 0869802-DCA
Docket #:      *1295971*

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

Attorney:  111 - 97

Index #: 152147/2024

Date Filed:

ANONYMOUS (A PSEUDONYM)

Plaintiff(s)

-against-

KIMBERLY WITTMER ETAL

Defendant(s)

**AFFIRMATION OF SERVICE**

HUSAM N AL-ATRASH AFFIRMS AND SAYS AFFIRMANT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 4, 2024 at 06:39 PM at

6728 182 STREET
FRESH MEADOWS, NY 11365

affirmant served the within true copy of the SUMMONS & COMPLAINT, ORDER TO SHOW CAUSE WITH SUPPORTING PAPERS & EXHIBITS on LUCIUS YOUNG, the defendant/respondent therein named.

INDIVIDUAL    by delivering a true copy of each to said  defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent therein and he identified himself as such.

Affirmant further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| MALE | YELLOW | BLACK | 40 | 5'8 | 170 |

That at the time of such service affirmant knew the person so served as aforesaid to be the same person mentioned and described as the defendant/respondent in this action.

Pursuant to New York Civil Practice Law Rules 2106 - I affirm on 5 day of  June, 2024 , under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**HUSAM N AL-ATRASH**
License #: 1279639-DCA
Docket #:        1295973

Gotham Process Inc.
Lic. 1251720-DCA
299 Broadway
New York NY 10007

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

Anonymous,

                                         **NOTICE OF REMOVAL**

               Plaintiff,

                                           Case No.

               -against-

Kimberly Witmer, Dr. Linda Chen, Norah Ann Lovet, Lucius
Young New York City Department of Education (NYC DOE),

                           Defendants.

------------------------------------------------------------------------- X

TO:    **THE UNITED STATES DISTRICT COURT,
        SOUTHERN DISTRICT OF NEW YORK**

             Defendant New York City Department of Education (NYC DOE) ("City

Defendant"), by and through its attorney Muriel Goode-Trufant, Acting Corporation Counsel of

the City of New York, respectfully remove to this Court the State Court Action described below:

             1.      City Defendant is named in a civil action commenced in the Supreme Court

of the State of New York, County of New York, Index No. 152147/2024 (the "State Court

Action"), setting forth the claims for relief upon which the action is based.

             2.      In the State Court Action, Plaintiff filed a Summons and Complaint on

January 19, 2024. On or about May 23, 2024, Plaintiff served the Summons and Complaint on

City Defendant.[1] Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is

annexed hereto as Exhibit "A."

---

[1] At this time, this office is in the process of confirming service of the individual defendants, Kimberly Wittmer, Dr. Linda Chen, Norah Ann Lovett, and Lucius Young. If the individual defendants were properly served, the undersigned will need time to make a representation decision pursuant to General Municipal Law Section 50-k. Upon information and belief, individual defendants Kimberly Wittmer and Norah Ann Lovett's names are misspelled in the State Action Complaint.

FILED: NEW YORK COUNTY CLERK 06/03/2024 05:34 PM
NYSCEF DOC. NO. 101
INDEX NO. 152147/2024
RECEIVED NYSCEF: 06/03/2024

3.      In the Complaint, Plaintiff alleges causes of action under 42 U.S.C. § 2000 *et seq.* and 42 U.S.C. § 12101, *et seq.* Accordingly, upon the filing of the Complaint, the above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

4.      This Notice of Removal is timely because it is being filed within thirty (30) days of service of the Summons and Complaint on City Defendant. See 28 U.S.C. § 1446(b)(3).

5.      Pursuant to 28 U.S.C. § 1446(d), the undersigned shall promptly provide Plaintiff with written notice of the filing of this Notice of Removal, and shall file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE,** City Defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
            June 3, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
*Attorney for City Defendant*
100 Church Street, Room, 2-111
New York, New York 10007
(212) 356-2479
rmacioce@law.nyc.gov

By:   /s/ René Louis Macioce
            René Louis Macioce, Esq.

Assistant Corporation Counsel

TO:   **Anonymous** (via email and first class mail)
      *Pro Se Plaintiff*
      401 West 25th Street, #3F
      New York, NY 10001

Generated: Jun 18, 2024 9:46AM

# U.S. District Court

## New York Southern - Manhattan

Receipt Date: Jun 18, 2024 9:46AM

ANONYMOUS

Rcpt. No: 30321                    Trans. Date: Jun 18, 2024 9:46AM                    Cashier ID: #AF

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| CC | Credit Card | | | | $500.00 |
| CC | Credit Card | | | | $105.00 |
| | | | Total Due Prior to Payment: | | $605.00 |
| | | | Total Tendered: | | $605.00 |
| | | | Total Cash Received: | | $0.00 |
| | | | Cash Change Amount: | | $0.00 |

**Comments**: 24CV4232 JLR

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.