

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

**René L. Macioce**
Tel.: (212) 356-2479
Fax.: (212) 356-2439
rmacioce@law.nyc.gov

July 5, 2024

**Via ECF**
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Anonymous v. New York City Department of Education et al.,
                Civil Action No.: No. 24-cv-04232 (JLR)

Dear Judge Rochon:

       I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing Defendants New York City Department of Education ("DOE"), Dr. Linda Chen, Kimberly Wittmer, Lucius Young, and Nora Lovett (collectively, "Defendants") in the above-referenced action. Defendants write this letter to oppose Plaintiff's Motion for Reconsideration and to Stay Proceedings, ECF No. 20 ("Motion to Stay") and Plaintiff's explanation for why she wishes to proceed under a pseudonym, ECF No. 21 ("Explanation").

**A.**    **Statement of Facts**

       For statement of relevant facts and the procedural posture of this case, the Court is respectfully referred to the statement of facts within Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("MOL in Opp."). See MOL in Opp, ECF No. 17 at 1-5; see also Exhibits A – I annexed to the Declaration of René L. Macioce ("Macioce Dec."), ECF Nos. 18-1 – 18-9.

**B.**    **The Case Should Not be Stayed Pending Resolution of the Interlocutory Appeal**

       Plaintiff appealed this court's decision denying her extension request to provide an explanation as to why she seeks to proceed under a pseudonym[1]. See Not. of Appeal, ECF No. 16. When a party seeks a stay pending an appeal, there are several factors to be considered:

---

[1] To the extent that Plaintiff has also moved the Court to reconsider its denial of her extension request, she has failed to cite to any controlling decisions and/or material facts which the Court

> (1) whether the movant will suffer irreparable injury absent a stay,
> (2) whether a party will suffer substantial injury if a stay is issued,
> (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

Glatt v. Fox Searchlight Pictures Inc., No. 11 Civ. 6784 (WHP), 2013 U.S. Dist. LEXIS 139594, at *9 (S.D.N.Y. Sep. 17, 2013). Plaintiff has not addressed and cannot plausibly argue that any of these factors weigh in her favor.

In her Motion to Stay, Plaintiff did not identify any harm she could suffer if a stay is not granted. In fact, Plaintiff can never establish any harm because she filed her Explanation within the time frame allotted. Plaintiff also did not demonstrate, and cannot credibly argue, that she has a "substantial possibility" of prevailing on appeal. An appellate court will only review a denial of an "'extension of time for abuse of discretion.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 226 (2d Cir. 2004). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." In Re Sims, 534 F.3d 117, 132 (2d Cir. 2008). Plaintiff has neither argued, nor remotely indicated, how the Court's clear, and succinct, reasoning for denying Plaintiff's request was an abuse of discretion.

C.    **Plaintiff Should Not Be Permitted to Proceed Anonymously due to the Law-of-the-Case Doctrine and the Mandate Rule**

"The law-of-the-case doctrine 'forecloses reconsideration of issues that were decided – or that could have been decided – during prior proceedings.'" Katz v. N.Y. City Hous. Pres., No. 21 Civ. 02933 (JLR), 2024 U.S. Dist. 28676, at *22 (S.D.N.Y. Feb. 16, 2024) (quoting Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 21 (2d Cir. 2021)); see also Rezzonico v. H & R Block, Inc., 182 F.3d 144, 148 (2d Cir. 1999) ("[T]he doctrine of law of the case posits that when a court decides upon a rule of law, that decision should generally continue to govern the same issues in subsequent stages in the same case."). Traditionally, the doctrine is not binding, but it counsels a court against revisiting prior rulings absent "cogent and compelling reasons." Puricelli v. Republic of Arg., 797 F.3d 213, 218-19 (2d Cir. 2015). However, where an appellate court has made a "'previous ruling on an issue in the same case'" a separate, and more strict, branch of the law of the case doctrine applies: "the so called mandate rule." Ransmeier v. Mariani, 486 Fed. Appx. 890, 891 (2d Cir. 2020) (quoting Kerman v. City of New York, 374 F.3d 93, 109) (2d Cir. 2004)) (summary order). This rule "'rigidly binds the district court,' barring it from considering issues 'explicitly or implicitly decided on appeal.'" United States v. Aquart, 92 F.4th 77, 87 (2d Cir. 2024) (quoting Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006)).

---

overlooked. See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

The law of the case doctrine, and, by extension, the mandate rule, still apply even though Plaintiff voluntarily dismissed her initial action and re-filed her complaint in state court, because "[w]here a party presents the same allegations or factual record previously deemed deficient by a court, the law of the case doctrine forecloses reconsideration of the court's conclusion." Hodnett v. Medalist Partners Opportunity Master Fund II-A, L.P., No. 21 Civ. 00038 (MKV), 2021 U.S. Dist. LEXIS 27205, at *9 (S.D.N.Y. Feb. 12 , 2021) (collecting cases); see also E. End Eruv Ass'n Town v. Southampton, No. 13 Civ. 4810 (AKT), 2014 U.S. Dist. LEXIS 134746, at *30 (E.D.N.Y. Sep. 24, 2014) ("Although the [law of the case] doctrine is ordinarily applied in later stages of the same lawsuit, it also has application to different lawsuits between the same parties").

Judge Vyskocil and the Second Circuit Court of Appeals have both determined that Plaintiff – whose prior complaint named the same Defendants and alleged nearly identical allegations, and who seeks anonymity for the same reasons – should not be allowed to proceed anonymously under a pseudonym. See Exh. B - Opinion and Order Denying Mot. to Proceed Under Pseudonym, ECF No. 18-2, at 9 (Plaintiff "should be prepared to litigate this case under her real name – or not at all."); see also Exh. C – Second Circuit Mandate, ECF No. 18-3 ("[t]he appeal is frivolous because Appellant's motion to proceed under a pseudonym 'lacks an arguable basis either in law or fact.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Because the "appellate court has [] decided [this] issue, the trial court… is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (internal quotations omitted).

**D.  Plaintiff Misrepresents Case Law to Which she Cites**

Previously, Plaintiff has cited to, and relied upon, "what appear[ed] to be non-existent legal authority." MOL in Opp. at 9. Now, in her Explanation, Plaintiff misrepresents the facts and holdings of some of the cases she cites.[2] See Explanation at ¶¶ 16 – 17.

Specifically, Plaintiff claims that Doe v. City of New York, 201 F.R.D. 100 (S.D.N.Y. 2001), "allowed a plaintiff to proceed anonymously in a case against the New York City Police Department recognizing the sensitive nature of the allegations and the governmental entity involved." Explanation at ¶ 16.  This is incorrect because the court, in fact, denied plaintiff's motion to proceed anonymously. See Doe v. City of New York, 201 F.R.D. 100, 102-03 (S.D.N.Y. 2001) ("For the forgoing reasons, plaintiff's motion is denied in all respects. Plaintiff shall file an amended complaint containing her name no later than ten days after the date of this opinion."). Plaintiff also claims that "Doe v. Colgate University, No. 5:15-CV-2069 (LEK/DEP), 2016 WL 1448829  (N.D.N.Y. Apr. 12, 2016)" is a "disability discrimination case" which "allowed a plaintiff to proceed anonymously." Explanation at  ¶ 17. Doe v. Colgate, No. 15 Civ. 1069 (LEK) (DEP), 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016), however, permitted a plaintiff to

---

[2] Plaintiff also purports to quote from Doe v. Del Rio, 241 F.R.D 154 (S.D.N.Y. 2006), Doe v. Shakur, 164 F.R.D. 359, 362 (S.D.N.Y. 1996), New York Blood Center v. United States, 213 F.R.D. 108, 112-13 (E.D.N.Y. 2003), and Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). See Explanation at ¶¶ 7, 10, 13, 14. The quotations attributed to those cases, however, do not appear in them; instead, most of them appear in other decisions.

proceed anonymously in the context of "allegations of sexual assault on college campuses," not disability claims.[3] Doe v. Colgate at *11.

**E.     The Sealed Plaintiff Factors Overwhelmingly Weigh Against Anonymity**

In determining whether or not to allow a Plaintiff to proceed anonymously, courts within the Second Circuit have identified a list of ten "non-exhaustive" factors ("Sealed Plaintiff factors") to consider, i.e.,:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties; (3) whether identification presents other harms; (4) whether the plaintiff particularly vulnerable… in light of [her] age; (5) whether the suit is challenging the actions of the government of that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her]claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented…, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are other methods for protecting Plaintiff's confidentiality.

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189-90 (2d Cir. 2008) (internal quotations and citations omitted)

Plaintiff's arguments are nearly identical to those found to be insufficient by Judge Vyskocil. This court should likewise find them to weigh against anonymity. Plaintiff's central argument revolves around a speculative harm to her adult daughter. Specifically, she claims that because Plaintiff and her daughter "share[] an unusual and easily identifiable family name" there is a risk that the litigation would "exacerbate" her daughter's "mental health challenges" and "expose her to [unspecified] discrimination or stigma" which could "harm [plaintiff's daughter's

---

[3] Plaintiff also cites "Doe v. Dallas Independent School District, No. 3:17-CV-1284-B, 2017 WL 2627229 (N.D. Tex. June 16, 2017)" as a case where "[t]he court permitted a student to proceed anonymously in a case against a school district[.]" Explanation at ¶ 18. The decision found at "2017 WL 267229" is Dubner v. The Kroger Company, a case from the Nebraska Workers' Compensation Court, not the Northern District of Texas. A search of PACER for docket number (3:17-cv-01284-B) returned the case name cited by Plaintiff and which was an action brought by a minor student under Title X. See Doe, 3:17-cv-01284-B, ECF No. 35. The docket does not show any filings and/or opinions from June 16, 2017, and it does not appear that the issue of the Plaintiff's anonymity was ever challenged and/or litigated, although the court did later order that confidential information would be filed under seal in March 2020. See Doe, 3:17-cv-01284-B, ECF No. 73.

reputation and future prospects" as the litigation would "involve[] detailed discussion of [plaintiff's] daughter's medical conditions." Explanation at ¶¶1-3. However, as Judge Vyskocil already held, "[i]t is [] unclear how permitting the plaintiff to prosecute her suit anonymously would mitigate the risk of retaliation towards her or her child" considering that she conceded, and continues to concede, that Defendants are aware of Plaintiff's identity. Exh. B at 6; see also Explanation at ¶ 4 ("The defendants are aware of my identity."). Judge Vyskocil also found that Plaintiff's concern about harm to her now-adult child was "entirely speculative and unsubstantiated." Exh. B at 6 (citing Doe v. Weinstein, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) and Doe v. Related Cos., No. 22-cv-7683, 2022 WL 4357615, at *2 (S.D.N.Y. Sept. 19, 2022)).

Plaintiff also argues that "The New York State Supreme Court had already granted anonymity before removal[.]" Explanation at ¶ 5. This is untrue. Instead, Plaintiff brought a motion to proceed under a pseudonym, by Order to Show Cause, which was not ruled upon by the court at the time of removal. See Exh. H - Order to Show Cause, ECF No. 18-8. In fact, by order, dated June 13, 2024, the state court "denied without prejudice" Plaintiff's motion to proceed under a pseudonym. See Order + Decision, June 13, 2024, annexed hereto as Exh."J."[4] Thus, to be clear: not only was no decision rendered on Plaintiff's application to proceed anonymously at the time of removal but, post-removal, it was denied.

Plaintiffs remaining arguments are unavailing. As was articulated in the relevant order written by Judge Vyskocil nearly a year ago, nine (out of ten) of the Sealed Plaintiff factors weigh against Plaintiff being allowed to proceed under a pseudonym. Specifically, (1) Plaintiff's "claims of employment discrimination, harassment, and retaliation are not highly sensitive or personal in nature."; (2) Plaintiff's purported harms to herself, or her adult child, are speculative and conclusory; (3) Plaintiff has identified no other plausible harms; (4) Neither Plaintiff, nor her child, are "vulnerable in light of [their] age – [they are] adult[s]"; (5) "courts have [] determined that [suing the government] can weigh *against* the use of a pseudonym… particularly [] where, as here, the involvement of the government indicates that there is a public interest in the facts of the incident at issue…"; (6) "fairness requires that Plaintiff be prepared to stand behind her charges publicly"; (7) "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them including the identity of the parties"; (8) the matter at hand "does not involve abstract challenges to public policies, but rather… particular actions and incidents."; and (9) "there are other (less drastic) mechanisms for protecting Plaintiff and her [adult] child's privacy." Exh. B at 5-9 (emphasis in original). Thus, Plaintiff "should be prepared to litigate this case under her real name – or not at all." Exh. B at 9.

Therefore, Defendants respectfully request that this court not stay the proceedings and require that Plaintiff file an amended complaint under her own, true, legal name.

Respectfully submitted,

---

[4] For ease of reference, Defendants are continuing with the lettering of those exhibits annexed to the Macioce Dec. See Exh. A – I, ECF Nos. 18-1 – 18-9.

/s/
René L. Macioce
Assistant Corporation Counsel