UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANONYMOUS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION, DR. LINDA CHEN, KIMBERLY<br>WITTMER, LUCIUS YOUNG, and NORAH ANN<br>LOVETT,<br><br>                    Defendants. | Case No. 1:24-cv-04232 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Before the Court are several motions in the present case. After providing relevant

background information, the Court addresses each motion in turn.

**BACKGROUND**[1]

**I.    The Prior Action**

On January 8, 2023, an anonymous *pro se* plaintiff ("Plaintiff") sued the New York

City Department of Education (the "DOE"), Dr. Linda Chen, Kimberly Wittmer, Lucius

Young, and Norah Ann Lovett (collectively, "Defendants") in this District. Dkt. 1. In an

amended complaint filed three days later, Plaintiff asserted claims under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Dkt. 3. On January 13,

2023, Judge Vyskocil noted that "Plaintiff did not seek leave to proceed under a pseudonym

and her filings do not provide any basis for obtaining such relief." Dkt. 4 at 1. Accordingly,

---

[1] All citations in this opinion to "ECF No." refer to the docket in Case No. 24-cv-04232. All
citations in this opinion to "Dkt." refer to the docket in Case No. 23-cv-00198.

Judge Vyskocil ordered Plaintiff to "submit a declaration on or before February 13, 2023, explaining why she should be permitted to proceed under a pseudonym." *Id.*

On February 9, 2023, Plaintiff moved for leave to proceed under a pseudonym. Dkt. 18. Judge Vyskocil denied the motion on August 15, 2023, reasoning that the factors listed in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), "overwhelmingly weigh[ed] against permitting Plaintiff to proceed anonymously," *Doe v. N.Y.C. Dep't of Educ.*, No. 23-cv-00198 (MKV), 2023 WL 5237520, at *5 (S.D.N.Y. Aug. 15, 2023) ("She should be prepared to litigate this case under her real name – or not at all."). Plaintiff appealed that decision. Dkt. 54. The Second Circuit dismissed the appeal on November 15, 2023, holding that "the appeal [wa]s frivolous because [Plaintiff's] motion to proceed under a pseudonym lack[ed] an arguable basis either in law or in fact. Any concern regarding disclosure of medical information can be addressed through motions to seal or redact." Dkt. 65 (quotation marks and citations omitted).

On November 20, 2023, Judge Vyskocil ordered Plaintiff to "file an amended complaint in her own true, legal name, within fourteen days of the date of this Order." Dkt. 60. On December 4, 2023, Plaintiff filed an amended complaint using her maiden name. Dkt. 62 ¶ 277. On January 11, 2024, Judge Vyskocil noted that "Plaintiff's maiden name is not her '*legal* name'" and ordered Plaintiff to "file a further amended complaint in her current legal name by January 25, 2024." Dkt. 66 at 1 (further emphasis omitted). Plaintiff voluntarily dismissed the action on January 12, 2024. Dkt. 68; *see also* Dkt. 69.

## II.     The Present Action

On January 19, 2024, Plaintiff sued the same Defendants in the Supreme Court of New York, New York County. ECF No. 18-7. Defendants represent (and Plaintiff does not deny) that "this [c]omplaint was never served upon any of the Defendants." ECF No. 17 ("Remand

Opp.") at 4 n.4.  In an amended complaint filed on May 7, 2024, Plaintiff asserted claims

under Title VII, the ADA, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et*

*seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-

101 *et seq.* (the "NYCHRL").  ECF No. 1-1 (the "Amended Complaint"); *see Carroll v.*

*Trump*, 88 F.4th 418, 432 (2d Cir. 2023) ("[A]n amended complaint ordinarily supersedes the

original, and renders it of no legal effect." (citation omitted)).  The DOE and Chen were

served on May 23, 2024.  ECF No. 18-9 at 2-3.  Lovett, Wittmer, and Young were

respectively served on May 31, June 1, and June 4, 2024.  *Id.* at 4-6.

On June 3, 2024, the DOE removed the case to this District.  ECF No. 1 (the "Notice

of Removal").  Two days later, Plaintiff moved to remand the case.  ECF No. 5 ("Remand

Br.").  On June 6, 2024, the Court ordered the DOE to "show cause by June 24, 2024, why

this case should not be remanded to state court for any of the reasons stated in Plaintiff's

motion for remand, including a potentially defective removal in violation of the rule of

unanimity."  ECF No. 6 (the "Order to Show Cause" or "OSC") at 3 (emphasis omitted).

On June 10, 2024, Chen, Wittmer, Young, and Lovett (collectively, the "Individual

Defendants"), "by and through their attorney, . . . provide[d] their clear and unambiguous

written consent to removal of this action to federal court, and specifically consent[ed] to the

Notice of Removal which was filed by the [DOE] in this Court on June 3, 2024."  ECF No. 8.

That same day, Defendants requested a 60-day extension of time to respond to the Amended

Complaint because counsel "need[ed] additional time to review the allegations in the

Amended Complaint and draft responsive papers, while ensuring [that] Defendants timely

respond to the Order to Show [C]ause."  ECF No. 9 at 2.  Defendants noted that Plaintiff did

not consent to the request.  *Id.* at 1; *see also* ECF No. 12 (Plaintiff's opposition to Defendants'

extension request).  On June 11, 2024, the Court granted Defendants an extension until July

15, 2024, to respond to the Amended Complaint.  ECF No. 10 at 2.[2]  The Court also ordered

Plaintiff to inform the Court by June 24, 2024, about her basis for proceeding anonymously.

*Id.*

In a submission dated June 11, 2024 (but not docketed until June 14, 2024), Plaintiff

requested a 60-day extension of time to respond to the Court's order for a statement of reasons

for proceeding anonymously.  ECF No. 13.  Plaintiff did not claim that she was unable to

meet the original deadline for any reason.  Instead, Plaintiff asserted that requiring her to

provide reasons for seeking to proceed anonymously before the Court resolved the remand

motion "may violate several legal principles and procedural rules," including the tenet that

federal courts cannot proceed to the merits of a case without subject-matter jurisdiction.  *Id.* at

1-2.  On June 17, 2024, the Court denied Plaintiff's extension request.  ECF No. 14 (the "June

17 Order").  The next day, Plaintiff appealed the June 17 Order.  ECF No. 16.

On June 21, 2024, Defendants submitted their opposition to Plaintiff's motion to

remand.  Remand Opp.  On June 24, 2024, Plaintiff filed a motion requesting that the Court

(1) "reconsider[] . . . its order denying Plaintiff's request for an extension and assuming

jurisdiction over this case," and (2) "stay all proceedings pending resolution of Plaintiff's

interlocutory appeal."  ECF No. 20 (the "June 24 Motion") at 1.  Also on June 24, 2024,

Plaintiff submitted a letter stating her reasons for seeking to proceed anonymously.  ECF No.

21 ("Anon. Ltr.").

On July 1, 2024, Defendants "request[ed] permission from the [C]ourt to file, on or

before July 8, 2024, a letter not to exceed ten pages, addressing Plaintiff's motion to

reconsider or, alternatively, to stay the proceeding (ECF No. 20) and her letter motion seeking

---

[2] The Court subsequently granted Defendants' request to further extend this deadline until
August 5, 2024.  ECF No. 33.

leave to proceed under a pseudonym (ECF No. 21)." ECF No. 22 at 1; *cf.* Rochon Indiv. Civ.

R. 1(A) ("Letters may not exceed three pages in length (exclusive of exhibits or attachments)

without prior permission from the Court."). In a submission dated July 2, 2024 (but not

docketed until July 8, 2024), Plaintiff opposed Defendants' request for excess pages. ECF

No. 29. The Court granted Defendants' request for excess pages on July 2, 2024. ECF No. 24

(the "July 2 Order"). Defendants filed their letter on July 5, 2024. ECF No. 27 ("Defs. Ltr.").

On July 8, 2024, Plaintiff moved for reconsideration of the July 2 Order. ECF No. 30 (the

"July 8 Motion").

The Court will now address all of the pending motions.

## DISCUSSION

### I.  Motion to Remand

The Court first addresses Plaintiff's motion to remand this case to New York state

court. Remand Br. As "the removing party," the DOE "bears the burden of demonstrating the

propriety of removal." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024)

(citation omitted). And because Plaintiff is *pro se*, the Court "liberally construe[s]" her

submissions and reads them "to raise the strongest arguments they suggest." *McLeod v.*

*Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation omitted).

Even so, the DOE has satisfied its burden here, and therefore the Court denies Plaintiff's

remand motion.

The Court starts with the issue highlighted in the Order to Show Cause: "the rule of

unanimity." OSC at 3; *see* Remand Br. ¶ 8 (raising the issue). "[E]xcept in those instances

where Congress has expressly forbidden removal, [28 U.S.C. §] 1441 permits defendants to

remove any claim that could be brought in federal court as well as any claim that is joined

with a claim premised on federal law," *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368

F.3d 86, 105-06 (2d Cir. 2004), "so long as certain requirements are satisfied," *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021).  As relevant here, a notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or summons, 28 U.S.C. § 1446(b)(1), or "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," *id.* § 1446(b)(3).  Within that 30-day period, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* § 1446(b)(2)(A); *see Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 149 (2d Cir. 2023); *Taylor*, 15 F.4th at 150.  This last requirement is known as the rule of unanimity.  *See, e.g.*, *Taylor*, 15 F.4th at 150; *Flores v. ECI Transp., Inc.*, No. 23-cv-02037 (JGLC), 2023 WL 5803593, at *1 (S.D.N.Y. Sept. 7, 2023); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007).

In the Order to Show Cause, the Court noted its uncertainty about "whether any of the Individual Defendants ha[d] been properly served and, if so, whether those Individual Defendants ha[d] properly consented to removal."  OSC at 2.  That uncertainty has now been resolved.  As previously noted, the DOE was never served with the original complaint in this action.  Remand Opp. at 4 n.4; *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").  The DOE was served with the Amended Complaint on May 23, 2024.  ECF No. 18-9 at 2.  The DOE timely removed the action on June 3, 2024.  Notice of Removal.  Defendants represent that at the time of removal, the "DOE had not yet confirmed service of [the Individual Defendants] and, thus, had not noted their consent."  Remand Opp. at 4 n.5.  A week later, on June 10, 2024, the Individual Defendants "provide[d] their clear and

unambiguous written consent to removal of this action to federal court, and specifically

consent[ed] to the Notice of Removal." ECF No. 8. Therefore, within 30 days after the DOE

first received service of process, "all defendants who ha[d] been properly joined and served"

at the time of the Notice of Removal had "join[ed] in or consent[ed] to the removal of the

action." 28 U.S.C. § 1446(b)(2)(A). Defendants have thus satisfied the rule of unanimity, and

the Court denies Plaintiff's motion to remand on that ground.

　　None of Plaintiff's other reasons for remand is persuasive. It is true that New York

courts have concurrent subject-matter jurisdiction over Plaintiff's causes of action. *See*

Remand Br. ¶ 3 (citing N.Y. Const. art. VI, § 7); *Meadows v. Robert Flemings, Inc.*, 737

N.Y.S.2d 272, 272 (1st Dep't 2002) ("State courts have concurrent jurisdiction over Title VII

and ADA claims."). It is also true that New York courts may exercise personal jurisdiction

under several statutes. *See* Remand Br. ¶ 4 (citing N.Y. C.P.L.R. § 302). And this Court does

not doubt that "[t]he New York Supreme Court is well-equipped to interpret and apply both

state and federal law, as New York courts routinely adjudicate federal claims in the exercise

of their concurrent jurisdiction." *Id.* ¶ 7; *see Haywood v. Drown*, 556 U.S. 729, 735-36 (2009)

("[T]he default assumption [is] that state courts have inherent authority, and are thus

presumptively competent, to adjudicate claims arising under the laws of the United States."

(quotation marks and citation omitted)); *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820,

826 (1990) ("We have no reason to question the presumption that state courts are just as able

as federal courts to adjudicate Title VII claims."). But that this case *could* have remained in

state court does not mean that it *must* be sent back there.

　　Plaintiff also argues that the NYSHRL and the NYCHRL "offer broader protections

against employment discrimination and provide additional remedies compared to the federal

statutes." Remand Br. ¶ 5. That is true, *see, e.g.*, *McLeod*, 864 F.3d at 157; *Velazco v.*

*Columbus Citizens Found.*, 778 F.3d 409, 410-11 (2d Cir. 2015) (per curiam), but federal

courts can – and frequently do – adjudicate claims under both statutes, *see, e.g.*, *Tafolla v.*

*Heilig*, 80 F.4th 111, 118-27 (2d Cir. 2023) (NYSHRL); *Brown v. Daikin Am. Inc.*, 756 F.3d

219, 225-31 (2d Cir. 2014) (same); *Williams v. MTA Bus Co.*, 44 F.4th 115, 136-38 (2d Cir.

2022) (NYCHRL); *Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transp. Auth.*, 11 F.4th

55, 67-68 (2d Cir. 2021) (same).

Plaintiff further contends that remand "would serve the interests of judicial economy,

convenience, and, above all, fairness." Remand Br. ¶ 6. It is unclear that a remand would

serve these goals, but regardless, the Court is aware of no authority permitting remand of an

otherwise properly removed action solely on such a basis. On the contrary, "when a federal

court has jurisdiction, it also has a virtually unflagging obligation to exercise that authority."

*Mata v. Lynch*, 576 U.S. 143, 150 (2015) (ellipsis, quotation marks, and citation omitted).

The Court sees no reason to refrain from fulfilling that obligation here. *See also White v.*

*Wellington*, 627 F.2d 582, 586 (2d Cir. 1980) ("[T]he right to remove is . . . absolute,

regardless of motivation, when it is found to exist.").

Finally, Plaintiff invokes the forum-defendant rule. Remand Br. ¶ 9. But that rule

applies where "the only basis for federal subject-matter jurisdiction is diversity of citizenship

under 28 U.S.C. § 1332." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir.

2019). As Plaintiff recognizes, the DOE "removed this action to this Court based on federal

question jurisdiction under 28 U.S.C. § 1331." Remand Br. ¶ 2. Therefore, the forum-

defendant rule is inapplicable.

For these reasons, the Court denies Plaintiff's motion to remand.

**II.    June 24 Motion**

The Court turns next to the June 24 Motion, which asks the Court to

(1) "reconsider[] . . . its order denying Plaintiff's request for an extension and assuming

jurisdiction over this case," and (2) "stay all proceedings pending resolution of Plaintiff's

interlocutory appeal" of the June 17 Order.  June 24 Motion at 1.  The Court denies this

motion in full.

Starting with the first part of the June 24 Motion, Plaintiff appears to be confused.  To

clarify, the Court did not intend to *decide* the issue of anonymity before resolving Plaintiff's

motion to remand, and – as suggested by the organization of this opinion – the Court does not

do so.  Rather, the Court simply requested information as to why Plaintiff sought to proceed

anonymously so that if the Court denied the remand motion (as it does here), the Court could

then promptly resolve the anonymity issue.  "District courts have the 'inherent authority to

manage their dockets' to promote 'the efficient and expedient resolution of cases.'"

*Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 (2d Cir. 2024) (quoting *Dietz v.*

*Bouldin*, 579 U.S. 40, 47 (2016)).  The Court relied on that inherent authority to deny Plaintiff

an extension.  To the degree that Plaintiff's request for reconsideration of the Court's

extension-request denial is not moot (given that the Court has confirmed the propriety of

removal and Plaintiff has submitted her reasons for seeking to proceed anonymously), the

Court declines to reconsider its decision because Plaintiff has not "identifie[d] an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error

or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)

(citation omitted).[3]

---

[3] In the July 8 Motion, Plaintiff insists that it was unfair for the Court to grant Defendants'
extension request while denying Plaintiff's extension request.  *See* July 8 Motion at 3.  This

As for the second part of the June 24 Motion, the Court declines to stay this case pending resolution of Plaintiff's interlocutory appeal of the June 17 Order. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to grant a stay pending appeal, a court ordinarily considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted); *accord United States v. Apple Inc.*, 992 F. Supp. 2d 263, 278 (S.D.N.Y. 2014), *aff'd*, 787 F.3d 131 (2d Cir. 2015). Here, Plaintiff has not "made a strong showing that [s]he is likely to succeed on the merits" of her appeal, nor has Plaintiff explained how she "will be irreparably injured absent a stay." *Nken*, 556 U.S. at 426 (citation omitted). Given Plaintiff's failure to make a sufficient showing on either of the first two factors, which "are the most critical" factors in the analysis, *id.* at 434, the Court declines to stay this case pending appeal.

Hence, the Court denies the June 24 Motion in its entirety.

## III.   July 8 Motion

The Court now considers Plaintiff's July 8 Motion seeking reconsideration of the Court's July 2 Order granting Defendants' request for excess pages. It is true that the Court,

---

accusation overlooks an important difference between the two requests. Unlike Defendants – who explained that their counsel "need[ed] additional time to review the allegations in the Amended Complaint and draft responsive papers, while ensuring Defendants timely respond to the Order to Show [C]ause," ECF No. 9 at 2 – Plaintiff never suggested that she needed an extension to ensure her ability to fully brief the relevant issues. Instead, Plaintiff's extension request rested solely on her misunderstanding of the pertinent jurisdictional principles. *See generally* ECF No. 13.

in issuing the July 2 Order, did not "consider[]" Plaintiff's opposition to Defendants' excess-pages request, July 8 Motion at 1, because (as noted above) Plaintiff's opposition was not docketed until several days after the Court granted Defendants' request. Even so, having now examined Plaintiff's arguments in opposition to Defendants' request, *see generally* ECF No. 29, the Court stands by its original decision to grant Defendants' request for excess pages.

Plaintiff does not question the Court's authority to grant parties leave to exceed page limits, and rightly so. Insofar "[a]s a court has inherent discretion to strike excessive pages, it must also have reciprocal discretion to waive page limits." *Perez v. U.S. Immigr. & Customs Enf't*, No. 19-cv-03154 (PGG), 2020 WL 5362356, at *4 (S.D.N.Y. Sept. 8, 2020) (citation omitted); *see also Commerzbank AG v. U.S. Bank N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) ("The district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked." (brackets and citation omitted)). Instead, Plaintiff contends that the Court should have denied Defendants' request. *See generally* ECF No. 29. The Court is not persuaded.

In addition to rehashing the removal issue that the Court laid to rest above, *see id.* at 1-2, and invoking the Court's general obligation to afford special solicitude to *pro se* litigants, *see id.* at 3-5, Plaintiff argues that her letter explaining why she wanted to proceed anonymously "ma[de] the [anonymity] matter moot," *id.* at 3, and that "[t]he standard 3-page limit provides ample space for Defendants to address the pertinent issues of jurisdiction and the propriety of removal, which should be the focus of any response to the motion for reconsideration," *id.* at 2; *see id.* at 4 ("Defendants' stated intention to address Plaintiff's pseudonym arguments is now moot, given Plaintiff's timely filing on June 24, 2024. . . . [J]urisdiction and the propriety of removal . . . are the core matters that should be the focus of any response to the motion for reconsideration, particularly given the pending interlocutory

11

appeal before the Second Circuit.").  The Court disagrees with Plaintiff's characterization of

the state of affairs.  Plaintiff's letter regarding anonymity did not "mak[e] the [anonymity]

matter moot," *id.* at 3, because the Court still needed to decide whether to allow Plaintiff to

proceed anonymously.  Given the quantity and quality of issues that Defendants needed to

address, the Court believed (and still believes) that it should afford Defendants more than

three pages to brief them.  Indeed, the Court notes that Defendants' letter addressed two of

Plaintiff's filings – Plaintiff's June 24 Motion and Plaintiff's letter regarding anonymity –

which were a combined eight pages in length.  *See generally* June 24 Motion; Anon. Ltr.

Therefore, the Court declines to reconsider the July 2 Order granting Defendants leave to file

a letter exceeding three pages in length.

## IV.    Anonymity

Next, the Court considers whether Plaintiff may proceed anonymously.

"The use of pseudonyms runs afoul of the public's common law right of access to

judicial proceedings, a right that is supported by the First Amendment," although there are "a

limited number of exceptions to the general requirement of disclosure of the names of parties,

which permit plaintiffs to proceed anonymously." *Doe v. Delta Airlines, Inc.*, 310 F.R.D.

222, 224 (S.D.N.Y. 2015) (brackets, quotation marks, and citations omitted), *aff'd*, 672 F.

App'x 48 (2d Cir. 2016) (summary order).  In *Sealed Plaintiff*, the Second Circuit set forth a

list of factors for courts to consider in deciding whether to permit a party to proceed

anonymously.  *See* 537 F.3d at 190.  In the prior action, Judge Vyskocil found that "the *Sealed*

*Plaintiff* factors overwhelmingly weigh[ed] against permitting Plaintiff to proceed

anonymously." *Doe*, 2023 WL 5237520, at \*5.  When Plaintiff appealed that decision, the

Second Circuit held that Plaintiff's "motion to proceed under a pseudonym lack[ed] an

arguable basis either in law or in fact."  Dkt. 65 (quotation marks and citations omitted).  The

question is whether this Court should reach a different conclusion here.

Defendants contend that, based on the proceedings in the prior action, the mandate rule

requires the Court to deny Plaintiff permission to proceed anonymously in this action.  *See*

Defs. Ltr. at 2-3.  The Court disagrees.  "Under the mandate rule, where a case has been

decided by an appellate court and remanded, the court to which it is remanded must proceed

in accordance with the mandate as was established by the appellate court."  *Callahan v.*

*County of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024) (brackets, ellipsis, quotation marks, and

citation omitted).  Regardless of what occurred in another action, the present action has not

"been decided by an appellate court and remanded," so the mandate rule does not apply.  *Id.*

(citation omitted).  Similarly, the Court rejects Defendants' argument that the decisions in the

prior action are the law of the case in this action, *see* Defs. Ltr. at 2-3, because that doctrine

applies only "in subsequent stages in the *same* case," *Arizona v. California*, 460 U.S. 605, 618

(1983) (emphasis added).

Nevertheless, upon independently reviewing Plaintiff's submission, *see generally*

Anon. Ltr., and reading it "to raise the strongest arguments [that it] suggest[s]," *McLeod*, 864

F.3d at 156 (citation omitted), the Court reaches the same conclusion as Judge Vyskocil did,

for substantially the same reasons stated in Judge Vyskocil's thorough and well-reasoned

opinion in the prior action, *see Doe*, 2023 WL 5237520, at *2-5.  Like Judge Vyskocil, the

Court "finds that the *Sealed Plaintiff* factors overwhelmingly weigh against permitting

Plaintiff to proceed anonymously."  *Id.* at *5.

The Court does not ignore Plaintiff's contention that her "18-year-old daughter, who

shares an unusual and easily identifiable family name, has medical and emotional

disabilities," and that "[p]ublic disclosure could exacerbate [Plaintiff's daughter's] mental

health challenges and expose [Plaintiff's daughter] to potential discrimination or stigma."

Anon. Ltr. at 1.  But "pseudonyms are the exception and not the rule, and in order to receive

the protections of anonymity, a party must make a case rebutting that presumption." *United*

*States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).  The Court finds that Plaintiff's

expressed concerns about the "harm would befall h[er] and h[er] family if h[er] name came to

be public" are too "speculative" to "rebut the presumption of disclosure." *Id.*  The Court also

notes that although the names of minors are usually sealed to protect their privacy, *see* Fed. R.

Civ. P. 5.2(a)(3), Plaintiff's daughter is 18 years old and therefore is not a minor, *see*

*Saunders v. Vinton*, 554 F. App'x 36, 39 (2d Cir. 2014) (summary order).  Although the Court

may allow Plaintiff to "identify [her daughter] by [her daughter's] initials [if her daughter]

was a minor at the time of the incidents at issue," *Andersen v. Rochester City Sch. Dist.*, 481

F. App'x 628, 630 n.2 (2d Cir. 2012) (summary order), that curative measure would be less

drastic than the complete anonymity *for Plaintiff* that Plaintiff seeks.

    In short, Plaintiff "should be prepared to litigate this case under her real name – or not

at all." *Doe*, 2023 WL 5237520, at *5.  The Court denies Plaintiff's request to proceed

anonymously.

## V.    Nonexistent Legal Authority

    One last matter remains for the Court to address.  Defendants note that, at times,

Plaintiff "cit[es] to and reli[es] on what appears to be non-existent legal authority."  Remand

Opp. at 9.  Having reviewed the case citations flagged by Defendants, the Court is likewise

unable to locate them.  Without question, it is improper and unacceptable for litigants –

including *pro se* litigants – to submit "non-existent judicial opinions with fake quotes and

citations." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023); *see Tragath v.*

*Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (the right to self-representation "does not exempt a party

from compliance with relevant rules of procedural and substantive law" (citation omitted)).

Also, assuming that (as was true in *Mata*) these nonexistent cases are the product of Plaintiff

using an artificial-intelligence program like ChatGPT, *see* 678 F. Supp. 3d at 451, it is no

secret that such programs can be unreliable, *see, e.g.*, Cade Metz, *Chatbots May

"Hallucinate" More Often Than Many Realize*, N.Y. Times (Nov. 6, 2023),

https://www.nytimes.com/2023/11/06/technology/chatbots-hallucination-rates.html ("[One

study] estimates that even in situations designed to prevent it from happening, chatbots invent

information at least 3 percent of the time – and as high as 27 percent.").

Sanctions may be imposed for submitting false and nonexistent legal authority to the

Court. *See, e.g.*, *Park v. Kim*, 91 F.4th 610, 613-16 (2d Cir. 2024) (per curiam) (sanctioning

attorney whose brief, drafted in reliance on ChatGPT, included citations to fake opinions);

*Mata*, 678 F. Supp. 3d at 459-66 (same).  That said, the Court is mindful of its "obligat[ion] to

afford a special solicitude to *pro se* litigants," which "includes leniency in the application of

procedural rules." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (citation omitted).

Therefore, the Court declines to sanction Plaintiff at this time and instead warns Plaintiff that

the Court will not look kindly on similar infractions in the future.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand, the June 24

Motion, and the July 8 Motion.  By **August 5, 2024**, Plaintiff must file a new version of her

complaint using her current legal name.  If Plaintiff fails to do so (or if Plaintiff informs the

Court prior to that date that she does not intend to comply with the Court's order), the Court

will dismiss the action.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 5, 20,

21, and 30.  Also, the Clerk of Court is respectfully directed to amend the official caption to

conform with the caption above.  Defendants are directed to email a copy of this opinion and

order to Plaintiff and file an affidavit of service upon doing so.

Dated: July 18, 2024
       New York, New York

                              SO ORDERED.


                              _JENNIFER L. ROCHON_
                              United States District Judge